TotteN, J.,
delivered the opinion of the court.
Assumpsit: judgment for the plaintiff in the court below, and defendant, Jones, appealed in error.
It appears that the parties entered into a contract in writing, to prosecute certain claims for pensions against the government of the United States. The plaintiff, Davidson, was “to prepare the papers necessary to the investigation of said cases,” and the defendant, Jones, was “to attend to the prosecution, of said claims before the Department at Washington, and the profits to be equally divided between them,” after allowing to said defendant five per cent, on the amount. One of the claims in favor of Nancy Gray, widow of Captain Thomas Gray, was realized in the name of Ransom A. Gray, her only child and heir, she being dead, *452 and tbe sum of $5,507 02, was received from tbe government; One balf of which was paid over by defendant to Bansom A. Gray, and the other half he retains for himself, refusing to divide the same with the plaintiff.
In prosecuting the claim before the Department, the defendant employed counsel, who attended to the case, and he paid him as a fee, four hundred and forty dollars.
Several questions are made. 1st. It is insisted, that his Honor, the circuit judge, erred in his ■ construction of the contract. He stated to the jury, that in the use of the word “profits” “gross profits” were meant and intended by the parties. We do not concur in this construction of the contract. The word profits has a fixed and definite meaning, and in its present use, imports the nett amount made after deducting any proper expense incident to the business. We do not suppose the parties intended to keep'any account of their personal expenses, but the fee paid to counsel seems to be a necessary ■ and proper charge in the course of the business. It should therefore be deducted from the gross amount received.
2nd. The defendant filed his petition for discovery against the plaintiff, under our act of 1848, ch. 177, a proceeding which is similar, in all respects, to a bill for discovery in aid of a suit at law.
The plaintiff answered the petition, and at the trial read his answer in evidence to the jury. The defendant then offered to read his petition, which, on objection, was ruled out by the court, and thereon the defendant moved the court to take the answer from the jury, which was refused.
*453 This practice was irregular. As to tbe petition or bill for discovery, it was of course no evidence for tbe party wbo .filed it: nor in general is it evidence against bim in a trial at law, “ for it is taken to be the suggestions of counsel ” made to elicit disclosures in tbe answer of tbe respondent. Medcalf vs. Medcalf, 1 Atk., 63. Bowman vs. Seybourne. 7 T. R. 3. 2 Selw. N. R., 744. Grisby’s Ev., 427, margin.
But as an answer is considered tbe most cogent proof against tbe person wbo filed it, it being bis deliberate statement on oath, of tbe facts and truth of tbe case — it would seem that when the bill is svborn to, and can no longer be considered as tbe suggestions of counsel, it may in such case be read as evidence against the person wbo filed it.
In tbe trial at law, it was proper for tbe defendant to produce his bill or petition for discovery, not as evidence for bim, but in order to let in tbe respondent’s answer thereto, if he intended to use it as evidence. Its office then is to prove that such a bill had been filed, and to show the. matters of fact to which tbe respondent was interrogated; for it is as to these, that tbe answer must be limited and confined. Grisbys Ev., 429, margin. Bowman vs. Seybourne, 7 T. R., 3. Ewer vs. Ambrose, 4 B. & C. 25.
And when tbe answer is offered in evidence against the respondent in a trial at law, tbe rule is, that tbe whole of the answer responsive to tbe bill must be read; for it. is considered in tbe light of admissions, which must be taken altogether, or not at all. Gilbert on Ev., 51. Grisby’s Ev., 429, margin.
But tbe respondent cannot produce bis answer to a *454 bill of discovery in evidence for himself. He cannot, says Chancellor Kent, in Phillips vs. Thompson, 1 J. C. R., 141, testify for himself, unless at the instance and on the call of the adverse party, and it is for him to determine whether the answer is to be admitted as evidence or not. A similar rule of practice was declared by this court; Turley J., ■ delivering the opinion, in Thompson vs. French, 10 Yerg. R., 458.
Now, in the case before us, the answer was read as evidence for the respondent, without objection, but it was competent to make the objection afterwards, and move its exclusion from the jury, unless there was an intentional waiver of the objection, when the answer was offered in evidence-.
We are not prepared to say it was a case of such waiver, and as the evidence was clearly incompetent, it was error not to exclude it.
3rd. It is argued for defendant, Jones, that the contract was illegal, .it being in contravention of the act of congress, 1838, ch. 189.
This act provides that no sale or transfer of any interest in a j>ension claim shall be valid, nor shall the same be liable to seizure by legal process; “but shall' enure wholly to the personal benefit of the pensioner,” and where the fund is paid' to an agent, he is required’ to take an oath that his relation to the fund,'.; is in accordance with the true intent of the law in this respect.
Now the question is, whether the contract between the plaintiff and defendant is in contravention of the act of congress? And certainly there is nothing on the face of the contract horn which such an inference can *455 be made. It is perfectly clear, however, that the contract made by Jones, the defendant, with Eansom A. Gray, to prosecute his claim for the pension, which was, that he was to have half the amount collected, was a champertous contract, and it is difficult for us to conceive how the fund could have come into the hands of Jones, under this contract, consistently with the oath, if taken, required to be administered to an agent in such ease.
But the plaintiff was no party to this illegal contract so far as any thing appears, and therefore could not be affected by it.
In this view, we cannot permit the defendant to allege his own iniquity to the prejudice of an innocent person.
In the Ohio Insurance and Trust Company vs. Merchants Insurance and Trust Company, 11 Humph. R., 16, where the subject of remedy upon illegal contracts was very much considered, it is •' said that the remedy is not denied, unless the contract grow immediately out of and be connected with the illegal act. Armstrong vs. Toler, 6 Cond. R. 302.
And so if the person pay the debt of ai request, an action may be sustained w money, though the original contract was \p known to be so, when the plaintiff paid the debt. Faikney vs. Reynous, 4 Burr, 2069.
The plaintiff’s rights cannot be affecw^junless he. were a sharer directly in the illegal transaction. Hodgson vs. Temple 5 T. R., 181. Holman vs. Johnson, Cowper, 341.
The instructions of his Honor, the judge, to the jury, *456 on this branch of the case, were, as it seems to ns, perfectly' correct. But for the errors before mentioned, the judgment will be reversed, and the cause remanded for another trial.
Judgment reversed.